JjDECUIR, Judge.
The defendant, State Farm Fire and Casualty Company, requests review of the denial of summary judgment on the issue of coverage. Finding no error in the judgment rendered by. the trial court, we affirm.
This writ application stems from a lawsuit filed by Bernard against Jeffery Faul after an automobile accident in which Bernard, allegedly sustained injuries. At the time of the accident, Faul was driving a truck owned by his farming operation known as David and Jeff Faul Farm. Bernard sued Faul’s automobile liability insurer, State Farm Mutual Automobile Insurance Company. He also sued State Farm Fire and Casualty Company under a farm/ ranch policy issued to Jeffery Faul. State Farm Fire denied coverage and moved for summary judgment on the issue.
Code of Civil Procedure Article 966 provides for the granting of summary judgment if “there is no genuine issue as to *1259 material fact, and that mover is entitled to judgment as a matter of law.” We review summary judgments de novo using the same criteria applied by the trial court to-determine whether summary judgment is appropriate. Indep. Fire Ins. Co. v. Sunbeam Corp., 99-2181, 99-2257 (La.2/29/00) 755 So.2d 226.
In this writ application, State Farm Fire contends that Section II of its policy language excluded coverage for any liability of Jeff Faul arising out of “the ownership, maintenance, use, loading or unloading of ... a motor vehicle owned or operated by, or rented or loaned to any insured!,] ... [except where the liability arises] out of the use of any non-owned auto by any person other than you.” State Farm Fire argues that Faul’s potential liability is excluded in this case because he, as the named insured, was operating a vehicle which belonged to him.
In opposition, Bernard points out that the vehicle driven by Faul at the time of the accident is actually owned by and registered in the name of Faul Farm. The Impolicy at issue is in the name of Jeffery Faul. Therefore, because the vehicle is not owned by a named insured, but was being operated by an insured, the pertinent exclusionary language does not apply.
The arguments presented in this case raise questions as to the nature of the business entity referred to as Faul Farm and the intent of the contracting parties in the purchase of the State Farm Fire farm/ ranch policy. Whether the business is a partnership and whether the policy was intended to be an excess policy that would cover the negligence of the business owners, including negligence in the operation of motor vehicles, are factual issues. The trial court in its reasons for judgment made certain factual determinations regarding both Faul Farm’s identity as a partnership and ruled that the policy specifically provided coverage for this accident. “The judiciary’s role in interpreting insurance contracts is to ascertain the common intent of the parties to the contract.” Edwards v. Daugherty, 03-2103, p. 11 (La.10/1/04), 883 So.2d 932, 940.
Our review of the record reveals no error in the denial of summary judgment on the question of coverage. Ambiguous policy provisions are construed against the insurer and in favor of coverage. La.Civ. Code art.2056; Mayo v. State Farm Mut. Auto. Ins. Co., 03-1801 (La.2/25/04), 869 So.2d 96. The issues of material fact and the ambiguities in the policy preclude the granting of summary judgment in this matter.
For the above and foregoing reasons, the denial .of summary judgment is affirmed. State Farm Fire and Casualty Company’s writ is denied, and costs are assessed to the defendant, State Farm Fire and Casualty Company.
WRIT DENIED.
GENOVESE, J., concurs in part, dissents in part and assigns written reasons.